1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
8
9
10 **JAMES W. GRANGER,**          **CASE NO. CV-F-05-1272 AWI DLB**
11         **Plaintiff,**       **ORDER GRANTING DEFENDANTS'**
                         **MOTION TO DISMISS**
12     **vs.**
13 **ED ALAMEIDA, JR., et. al.,**        **[Documents #8 & #9]**
14         **Defendants.**
                       /
15
16                 **BACKGROUND**

17       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed

19 December 6, 2006.   The first amended complaint alleges that Defendants failed to provide Plaintiff

20 with timely medical care.  The first claim is against health care providers, and alleges that they were

21 deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

22 The second claim is against supervisory personnel, and alleges they failed to train, supervise, and

23 discipline employees.   The third claim is a pendant state law claim and alleges Defendants failed to

24 provide medical care in violation of California Government Code § 845.6.

25       On January 3, 2006 and January 18, 2006, Defendants filed two motions to dismiss.   In both

26 motions, Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to

27 filing suit.   On February 21, 2006, Plaintiff filed an opposition.   On February 23, 2006, Defendants

28 filed a reply.   On June 26, 2006, Defendants filed a supplemental brief concerning new decisions by

1   the Supreme Court and Ninth Circuit that are relevant to the exhaustion issue.

2   **LEGAL STANDARD**

3   Pursuant to section 1997e(a) of the Prison Litigation Reform Act of 1995, "[n]o action shall

4   be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

5   prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

6   as are available are exhausted."  The section 1997e(a) exhaustion requirement applies to all prisoner

7   suits relating to prison life.  <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).  Prisoners must complete the

8   prison's administrative process, regardless of the relief sought by the prisoner and regardless of the

9   relief offered by the process, as long as the administrative process can provide some sort of relief on

10  the complaint stated.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).[1]

11  The California Department of Corrections has an administrative grievance system for

12  prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, <u>et seq.</u>  "Any inmate or parolee under the

13  department's jurisdiction may appeal any departmental decision, action, condition, or policy which

14  they can reasonably demonstrate as having an adverse effect upon their welfare."  <u>Id.</u> at 3084.1(a).

15  Four levels of appeal are involved, including the informal level, first formal level, second formal

16  level, and third formal level, also known as the "Director's Level."  <u>See</u> Cal. Code Regs. tit 15, §

17  3084.5.

18  The Ninth Circuit has held that Section 1997e(a) of the PLRA does not impose a pleading

19  requirement, but rather, is an affirmative defense under which defendants have the burden of raising

20  and proving the absence of exhaustion.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The

21  failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an

22  unenumerated Rule 12(b) motion, rather than a summary judgment motion.  <u>Wyatt,</u>315 F.3d at 1119

23  (citing <u>Ritza v. In'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998)

24  (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the

25  court may look beyond the pleadings and decide disputed issues of fact.  <u>Wyatt</u>, 315 F.3d at 1119-20.

26

27  [1] The <u>Booth v. Churner</u> decision effectively overruled the portion of <u>Rumbles v. Hill</u>, 182 F.3d 1064 (9th Cir. 1999), <u>cert. denied</u>, 120 S.Ct. 787 (2000) which provided that exhaustion was not required if the prisoner was seeking only money

28  damages in his or her action and the grievance process did not allow for such an award.  <u>Rumbles v. Hill</u>, 182 F.3d 1064, 1069 (9th Cir. 1999).

1   If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper

2   remedy is dismissal without prejudice.  Id.

3                                   **DISCUSSION**

4          At issue in the pending motion is whether Plaintiff properly exhausted his claims.   On

5   December 15, 2004, Plaintiff submitted a CDC Form 602 concerning his medical treatment.   This

6   appeal states that beginning in October 2003, Plaintiff was sick with fever, nausea, night sweats,

7   vomiting, and Plaintiff began to loose weight rapidly.   The appeal states that on October 6, 2003,

8   Plaintiff began having chest pains, and attempted to see a doctor.  The appeal states that Defendant

9   Benjamin Elrod refused treatment and told Plaintiff his symptoms were not an emergency.   The

10  appeal states that eventually Plaintiff attempted suicide so that he could see a doctor.   The appeal

11  states that Plaintiff was examined and sent to an outside medical facility, Mercy Hospital, and treated

12  for valley fever.  The appeal states that Plaintiff believes he was discharged from Mercy Hospital too

13  soon.  The appeal states that medical staff is inadequate and unprepared to deal with inmates in an

14  expedient and timely manner.   The appeal also alleges Plaintiff receiving a bad sunburn after being

15  forced to sit in the hot sun for over three hours while a search was conducted.   Defendant Benjamin

16  Elrod again refused Plaintiff medical treatment.   The appeal asked for a complete investigation into

17  the Facility medical staff, specifically, but not limited to the actions of Defendant Elrod, asked that

18  medical staff be dealt with, and asked that all inmates on Facility D be allowed adequate,

19  appropriate, and expedient medical attention.

20         On December 31, 2004, this appeal was bypassed at the informal level.  On March 10, 2005,

21  Plaintiff's appeal at the first level of review was partially granted.  The first level response reviewed

22  Plaintiff's medical treatment and found Plaintiff's treatment for valley fever and the sunburn was

23  similar to that for other inmates, and was appropriate.   The first level response also indicated that

24  Plaintiff's allegations were being reviewed, and if staff misconduct was substantiated, the institution

25  would take appropriate action.   The first level response stated that if Plaintiff was dissatisfied, he

26  could submit his appeal at the second level for review.

27         On March 21, 2005, Plaintiff appealed to the second level.   Plaintiff stated in this appeal that

28  the first level had not addressed all of Plaintiff's factual allegations.   On May 4, 2005, Plaintiff's

1    second level appeal was screened out as untimely because Plaintiff was appealing an issue that

2    occurred in October 2003.

3           The Supreme Court recently confirmed that the Prison Litigation Reform Act of 1995

4    requires a prisoner to exhaust any available administrative remedies before challenging prison

5    conditions in federal court. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2380 (2006).   In <u>Woodford v. Ngo</u>,

6    126 S.Ct. 2378 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with

7    an agency's deadlines and other critical procedural rules because no adjudicative system can function

8    effectively without imposing some orderly structure on the course of its proceedings." <u>Id</u>. at 2386.

9    The Supreme Court  found that "[proper exhaustion] means ... a prisoner must complete the

10   administrative review process in accordance with the applicable procedural rules, **including**

11   **deadlines,** as a precondition to bringing suit in federal court." <u>Id</u>.   (emphasis added).   The Supreme

12   Court reasoned that the:

13            benefits of exhaustion can be realized only if the prison grievance system is given a
              fair opportunity to consider the grievance. The prison grievance system will not have
14            such an opportunity unless the grievant complies with the system's critical procedural
              rules. A prisoner who does not want to participate in the prison grievance system will
15            have little incentive to comply with the system's procedural rules unless
              noncompliance carries a sanction, and under respondent's interpretation of the PLRA
16            noncompliance carries no significant sanction.

17   <u>Ngo</u>, 126 S.Ct. at 2388.

18           The California Department of Corrections has an administrative grievance system for inmate

19   appeals.  Cal.Code of Regs., tit. 15 § 3084 et seq.   Pursuant to this system, an inmate must submit

20   any appeal within 15 working days of the event or decision being appealed, or of receiving an

21   unacceptable lower level appeal decision.  Cal.Code of Regs., tit.15 § 3084.6(c).   Plaintiff's first

22   level appeal was filed in December 2004, more than 15 days after the October 2003 events.

23   However, the first level appeal was addressed on the merits.   Unsatisfied with this response,

24   Plaintiff filed his second level appeal on approximately March 21, 2005.  The Appeals Coordinator

25   exercised her discretion to screen out the appeal because Plaintiff did not file any appeal within

26   fifteen days of the alleged inadequate medical care in October 2003, as was required under the first

27   step of California's prison administrative appeals process.   The Appeals Coordinator informed

28   Plaintiff that there had been too great a time lapse and there was no explanation of why Plaintiff did

4

1   not file an appeal in a timely manner.   Plaintiff never appealed or responded to the Appeals

2   Coordinator's reason for rejecting his second level appeal in a follow-up appeal or an appeal to the

3   Director's Level.

4          The rejection of Plaintiff's appeal as untimely means that Plaintiff has not exhausted his

5   administrative remedies.   The Supreme Court's recent decision in Ngo bars this action.   An inmate

6   has not exhausted his administrative remedies when his inmate appeal is rejected as untimely.   Ngo,

7   126 S.Ct. 2386.   Plaintiff has not cited any exception to this rule that applies in this action.   Thus,

8   this action must be dismissed.

9          In his opposition, Plaintiff appears to argue that exhaustion was satisfied because Plaintiff's

10  appeal was partially granted at the first level of review.   In Brown v. Valoff, 422 F.3d 926 (9th Cir.

11  2005), the Ninth Circuit held that an inmate need not exhaust further levels of review once he has

12  either (1) been granted relief and "received all 'available' remedies at an intermediate level of

13  review" or (2) been "reliably informed by an administrator that no remedies are available."   Id. at

14  935.  The Ninth Circuit reached this result even though the prison system had a third-level appeal

15  that was never utilized in Brown's instance.

16         In this case, Plaintiff's appeal was partially granted at the first level.   Prison officials stated

17  that they would investigate the matter.   Both Plaintiff's appeal and his federal court complaint raised

18  issues other than those relating to an investigation into the misconduct of prison officials.   Because

19  Plaintiff's appeal also requested proper medical care, the grant of an investigation did not provide

20  Plaintiff with all available remedies.   See Brown, 422 F.3d at 941.   The availability of further

21  remedies is also supported by the fact that Plaintiff was invited to appeal the first level finding to the

22  second level and Plaintiff did file an appeal to the second level.   See id. at 941-42.   Finally,

23  Plaintiff was never informed that the requested investigation took place, had been completed, and/or

24  that it resulted in disciplinary action against Defendants.   See id. at 942.   Thus, the court cannot find

25  that the partial grant of Plaintiff's appeal at the first level satisfies the exhaustion requirement.

26  //

27

28

**ORDER**

The court finds that Plaintiff's inmate appeals did not exhaust the claims at issue in this action.  Accordingly, the court HEREBY ORDERS that:

      1.     Defendants' motions to dismiss are GRANTED; and

      2.     This action is DISMISSED without prejudice.

IT IS SO ORDERED.

**Dated:**    **August 30, 2006**               **/s/ Anthony W. Ishii**
9h0d30                               UNITED STATES DISTRICT JUDGE

6