IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. GRANGER,  Plaintiff,  vs.  ED ALAMEIDA, JR., et. al.,  Defendants.  _____/ | CASE NO. CV-F-05-1272 AWI DLB  ORDER GRANTING MOTION FOR RECONSIDERATION  ORDER VACATING OCTOBER 16, 2006 HEARING DATE  ORDER SETTING BRIEFING SCHEDULE  ORDER REFERRING ACTION TO MAGISTRATE JUDGE  (Doc. #22) |

### BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, which alleges that Defendants failed to provide Plaintiff with timely medical care.

On January 3, 2006 and January 18, 2006, Defendants filed two motions to dismiss. In both motions, Defendants contended that Plaintiff failed to exhaust his administrative remedies prior to filing suit. On February 21, 2006, Plaintiff filed an opposition. On February 23, 2006, Defendants filed a reply.

On June 26, 2006, Defendants filed a supplemental brief concerning new decisions by the Supreme Court and Ninth Circuit that were relevant to the exhaustion issue. Plaintiff did not file any response to the supplemental brief.

On August 31, 2006, the court granted Defendants' motion. Citing to Woodford v. Ngo, 126 S.Ct. 2378 (2006), the court found that "[p]roper exhaustion demands compliance with an agency's

1 deadlines and other critical procedural rules because no adjudicative system can function effectively
2 without imposing some orderly structure on the course of its proceedings." Id. at 2386.  The court
3 recognized that "[proper exhaustion] means ... a prisoner must complete the administrative review
4 process in accordance with the applicable procedural rules, **including deadlines,** as a precondition to
5 bringing suit in federal court." Id. (emphasis added).  Applying this ruling to the facts of this
6 action, the court concluded that the rejection of Plaintiff's appeal as untimely meant that Plaintiff had
7 not exhausted his administrative remedies.  Pursuant to Ngo an inmate has not exhausted his
8 administrative remedies when his inmate appeal is rejected as untimely.  Ngo, 126 S.Ct. 2386.  The
9 court then granted Defendants motion to dismiss and dismissed the complaint without prejudice.
10        On September 11, 2006, Plaintiff filed a motion for reconsideration.   Plaintiff complains
11 that he was never given the opportunity to respond to Defendants' supplemental brief.  Plaintiff
12 argues that he was prevented from presenting argument and facts to establish an exception to the
13 deadlines. On September 28, 2006, Defendants filed an opposition.   Defendants contend that
14 Plaintiff has cited no grounds for reconsideration.  Defendants point out that Plaintiff had the
15 opportunity to address Defendants' supplemental brief after Woodford v. Ngo, 126 S.Ct. 2378
16 (2006) was decided.

**LEGAL STANDARD**

18        The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d
19 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).
20 Motions for reconsideration are disfavored, however, and are not the place for parties to make new
21 arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip.,
22 Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  "A party seeking reconsideration must show more than a
23 disagreement with the Court's decision, and recapitulation of the cases and arguments considered by
24 the court before rendering its original decision fails to carry the moving party's burden."  U.S. v.
25 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are
26 committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441
27 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party
28 must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

1  decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.
2  1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

3  Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten
4  days after entry of judgment.  Rule 59(e), however, is an "extraordinary remedy, to
5  be used sparingly in the interests of finality and conservation of judicial resources." Kona
6  Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).   Amendment or alteration is
7  appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2)
8  the district court committed clear error or made an initial decision that was manifestly unjust, or (3)
9  there is an intervening change in controlling law.  Zimmerman v. City of Oakland, 255 F.3d 734, 740
10 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.
11 1993).  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).  A
12 judgment is not properly reopened "absent highly unusual circumstances." Id.

13 Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
14 district court.  The Rule permits a district court to relieve a party from a final order or judgment on
15 grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse
16 party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.
17 P. 60(b). .  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being
18 exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d
19 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).
20 Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

21 When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the
22 "new or different facts or circumstances claimed to exist which did not exist or were not shown upon
23 such prior motion, or what other grounds exist for the motion."

**DISCUSSION**

25 Preliminarily, the court notes that the pending motion for reconsideration is set for oral
26 arguments to be heard on October 16, 2006.   The court has reviewed the parties' briefs and has
27 determined that this matter is suitable for decision without oral argument.  Local Rule 78-230(h).
28 Therefore, the court vacates the hearing date and takes the motion for reconsideration under

submission.

At issue in the court's prior order was whether Plaintiff properly exhausted his claims. On December 15, 2004, Plaintiff submitted a CDC Form 602 concerning his medical treatment. This appeal stated that beginning in October 2003, Plaintiff was sick with fever, nausea, night sweats, vomiting, and Plaintiff began to loose weight rapidly and that on October 6, 2003, Plaintiff began having chest pains, and attempted to see a doctor. The appeal stated that Defendant Benjamin Elrod refused treatment and told Plaintiff his symptoms were not an emergency. The appeal stated Plaintiff was eventually examined and sent to an outside medical facility, Mercy Hospital, and treated for valley fever. The appeal stated that medical staff is inadequate and unprepared to deal with inmates in an expedient and timely manner. The appeal also alleged Plaintiff received a bad sunburn after was forced to sit in the hot sun for over three hours while a search was conducted. Defendant Benjamin Elrod again refused Plaintiff medical treatment. The appeal asked for a complete investigation into the Facility medical staff, specifically, but not limited, to the actions of Defendant Elrod, asked that medical staff be dealt with, and asked that all inmates on Facility D be allowed adequate, appropriate, and expedient medical attention.

On December 31, 2004, this appeal was bypassed at the informal level. On March 10, 2005, Plaintiff's appeal at the first level of review was partially granted. The first level response reviewed Plaintiff's medical treatment and found Plaintiff's treatment for valley fever and the sunburn was similar to that for other inmates, and was appropriate. The first level response also indicated that Plaintiff's allegations were being reviewed, and if staff misconduct was substantiated, the institution would take appropriate action. The first level response stated that if Plaintiff was dissatisfied, he could submit his appeal at the second level for review.

On March 21, 2005, Plaintiff appealed to the second level. Plaintiff stated in this appeal that the first level had not addressed all of Plaintiff's factual allegations. On May 4, 2005, Plaintiff's second level appeal was screened out as untimely because Plaintiff was appealing an issue that occurred in October 2003.

Defendants moved to dismiss this action for Plaintiffs' failure to exhaust his administrative remedies prior to filing suit. Citing to Woodford v. Ngo, 126 S.Ct. 2378 (2006), the court found that

a prisoner is required to comply with the a prison systems' procedural rules.  <u>Ngo</u>, 126 S.Ct. at 2388.  Plaintiffs' second level appeal was screened out as untimely because Plaintiff did not file any appeal within fifteen days of the alleged inadequate medical care in October 2003.   Plaintiff never appealed or responded to the Appeals Coordinator's reason for rejecting his second level appeal in a follow-up appeal or an appeal to the Director's Level.    Thus, the court concluded Plaintiff had not exhausted all available remedies.

In his motion for reconsideration, Plaintiff contends that he was not given an opportunity to address <u>Ngo</u> and the arguments made in Defendants' supplemental brief.   Plaintiff claims he was never given the opportunity to present evidence regarding the reasons Plaintiff filed his administrative complaint and the manner in which Defendants precluded him from continuing his appeals.    Plaintiff requests an opportunity to present argument and facts that will establish an exception to the Prison Litigation Reform Act.

The court is at a loss to explain why Plaintiff did not file a supplemental brief concerning <u>Ngo</u> after Defendants filed their supplemental brief, or at a minimum, ask the court for permission to file such a brief.   However, pursuant to this court's local rules, the briefing for a motion includes a motion, opposition, or reply.   While supplemental briefing is appropriate in some situations, such as a new relevant Supreme Court case, supplemental briefing should include the opportunity for all parties to response to the new case authority.   Because the court never specifically directed Plaintiff to file a response to Defendants' supplemental brief and Plaintiff claims he would like such an opportunity, the court finds that reconsideration is warranted.    Plaintiff will be given the opportunity to address the application of <u>Ngo</u> on his case and Defendants' motion to dismiss for failing to exhaust administrative remedies.

**ORDER**

Accordingly, the court finds that:

1. Plaintiff's motion for reconsideration is GRANTED;
2. The oral argument set for October 16, 2006 is VACATED;
3. The court's August 31, 2006 order granting Defendants' motion to dismiss is VACATED;

1    4.  The Clerk of the Court is DIRECTED to reopen this file;

2    5.  Plaintiff may file a response to Defendants' supplemental brief by October 30, 2006;

3    6.  Defendants may file a reply to Plaintiff's response by November 13, 2006;

4    7.  This action is REFERRED to Magistrate Judge Dennis L. Beck for further proceedings, including the entry of Findings and Recommendations regarding Defendants' motion and the supplemental briefing.  If the Magistrate Judge believes oral arguments would assist him, the Magistrate Judge will set this matter for hearing. Otherwise, the Magistrate Judge will take the matter under submission as of November 13, 2006.

IT IS SO ORDERED.

**Dated:     October 11, 2006**                          **/s/ Anthony W. Ishii**
0m8i78                                                 UNITED STATES DISTRICT JUDGE