UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRANGER, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD S. ALAMEIDA, JR., et al., <br><br> Defendants. | CV F- 05-1272 AWI DLB <br><br> FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION TO DISMISS AFTER ORDER GRANTING MOTION FOR RECONSIDERATION <br><br> **Objections Due May 25, 2007** |

I.      Procedural History

James W. Granger ("Plaintiff") is a prisoner at the Substance Abuse Treatment Facility in Corcoran, California ("SATF") proceeding in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on December 06, 2005, against Edward S. Alameida, Jr., et al. ("Defendants") for deliberate indifference to medical needs.

On January 3, 2006 and January 18, 2006, Defendants filed motions to dismiss based on Plaintiff's alleged failure to exhaust administrative remedies pursuant to Prison Litigation Reform Act of 1995 ("PLRA"), amended 42 U.S.C. section 1997e.  Plaintiff filed an opposition on February 21, 2006, and Defendants filed a reply on February 23, 2006.  On June 26, 2006, defendants filed a supplementla brief concerning new decisions by the Supreme Court and Ninth Circuit that were relevant to the exhaustion issue.  Plaintiff did not file a response to the supplemental brief.

On August 31, 2006, the Court granted Defendants' motion.  Citing *Woodford v. Ngo*, 126

S.Ct. 2378 (2006), the Court found that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 2386. The court recognized that "[proper exhaustion] means . . . a prisoner must complete the exhaustion review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* Applying this ruling to the facts of this case, the Court concluded that the rejection of plaintiff's appeal as untimely meant that plaintiff had not exhausted his administrative remedies. Pursuant to *Ngo* an inmate has not exhausted his administrative remedies when his appeal is rejected as untimely. The Court therefore granted defendants' motion to dismiss and dismissed the complaint without prejudice.

On September 11, 2006, Plaintiff filed a motion for reconsideration, arguing that he was never given an opportunity to respond to Defendants' supplemental brief. On October 13, 2006, the Court granted Plaintiff's motion for reconsideration and ordered Plaintiff to file a response to Defendants' supplemental brief by October 30, 2006. The Court ordered Defendants to reply by November 13, 2006. The Court referred the action to the undersigned for entry of findings and recommendation regarding defendants' motion to dismiss and the supplemental briefing.

On October 30, 2006, Plaintiff filed his supplemental opposition and on November 7, 2006, Defendants filed a reply. On February 26, 2007, Plaintiff filed a notice of new Supreme Court case. On February 28, 2007, Defendants filed a reply to Plaintiff's notice.

II.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can

provide some sort of relief on the complaint stated. *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382. Exhaustion must occur prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt,* 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

    C.    Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford,* 126 S.Ct. at 2383; *McKinney,* 311 F.3d at 1199-1201.

On December 15, 2004, plaintiff submitted a CDC Form 602 concerning his medical

treatment in October 2003. The appeal states that defendant Elrod refused to provide plaintiff treatment beginning in October 2003 when plaintiff was sick with fever, nausea, night sweats, vomiting and loss of weight. The appeal states that plaintiff attempted suicide so that he could see a doctor and that he was eventually examined and sent to an outside medical facility where he was treated for valley fever. Plaintiff requested a complete investigation into the facility medical staff, specifically, but not limited to the actions of defendant Elrod.

On December 31, 2004, the appeal was bypassed at the informal level. On March 10, 2005, the appeal was partially granted at the first level. The first level response reviewed plaintiff's medical treatment and found plaintiff's treatment for valley fever was similar to that for other inmates and was appropriate. The response also stated that plaintiff's allegations were being reviewed and if staff misconduct was substantiated, the institution would take appropriate action. Plaintiff was informed that if he was dissatisfied, he should submit the appeal to the second level of review.

On March 21, 2005, plaintiff appealed to the second level contending that the first level had not addressed all of plaintiff's factual allegations. On May 4, 2005, plaintiff's second level appeal was screened out as untimely because plaintiff was appealing an issue that occurred in October 2003.

Citing *Woodford v. Ngo*, 126 S.Ct. 2378, 2380 (2006), Defendants argue that they are entitled to dismissal of this action because plaintiff failed to comply with the procedural requirement of the grievance system by filing a claim which was more than a year late in violation of the regulations. *See* Cal.Code Regs., Title 15 § 3084.6(c).

Plaintiff argues that unlike the appeal in *Ngo*, his appeal was reviewed on the merits at the first level and investigated by prison staff. Because the appeal was accepted and processed on the merits at the first level, plaintiff argues, there was not regulatory basis for rejection of the appeal at the second level and prison officials waived the time limits for the appeal by accepting it at the first level.

It is undisputed that plaintiff's first level appeal was filed in December 2004, more than 15 days after the October 2003 events. Despite the untimely filing, the first appeal was addressed on the

merits. Unsatisfied with this response, plaintiff filed a second level appeal on March 21, 2005. The Appeals Coordinator exercised her discretion to screen out the appeal because plaintiff did not file his original appeal within fifteen days of the alleged inadequate medical care in October 2003. The Appeals Coordinator informed plaintiff that there had been too great a time lapse and there was no explanation of why plaintiff did not file the original appeal in a timely manner. Although appeals coordinators have the discretion to accept untimely appeals, tit. 15, §3084.3(c), they are not required to do so and did not do so in this instance, instead choosing to reject plaintiff's appeal as untimely. Plaintiff did not appeal this decision. Pursuant to *Woodford v. Ngo*, the rejection of plaintiff's appeal as untimely means that plaintiff has not exhausted his administrative remedies and therefore this action is barred.

Plaintiff has not cited any authority for the argument that acceptance of the appeal at the first level waived the time limits for the appeal, allowing this Court to ignore clear and controlling Supreme Court precedent. The cases cited by plaintiff addressing the effect of prison officials' failure to respond to grievances in a timely manner are not applicable in that Plaintiff has not shown that defendants or any prison employee interfered with his efforts to timely file his administrative claim.

Plaintiff's original submission of his appeal in December 2004 was untimely and the rejection of the appeal at the second level as untimely was not wrongful. Where an inmate's appeal is rejected as untimely because he failed to follow the applicable rules, the exhaustion requirement is not satisfied. Woodford, 126 S.Ct. at 2382.

D.   Conclusion

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss for failure to exhaust, be GRANTED; and
2. Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before **May 25,**

1 **2007**, the parties may file written objections with the court.  The document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
3 failure to file objections within the specified time may waive the right to appeal the District Court's
4 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5    IT IS SO ORDERED.

6    **Dated:   May 7, 2007**              /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE