IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. GRANGER,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>ED ALAMEIDA, JR., et. al.,<br><br>　　　Defendants.<br>_____ / | CASE NO. CV-F-05-1272 AWI DLB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>ORDER DISMISSING ACTION |

## BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, which alleges that Defendants failed to provide Plaintiff with timely medical care.

On January 3, 2006 and January 18, 2006, Defendants filed two motions to dismiss. In both motions, Defendants contended that Plaintiff failed to exhaust his administrative remedies prior to filing suit. On February 21, 2006, Plaintiff filed an opposition. On February 23, 2006, Defendants filed a reply.

On June 26, 2006, Defendants filed a supplemental brief concerning new decisions by the Supreme Court and Ninth Circuit that were relevant to the exhaustion issue. Plaintiff did not file any response to the supplemental brief.

On August 31, 2006, the court granted Defendants' motion. Citing to <u>Woodford v. Ngo</u>, 126 S.Ct. 2378 (2006), the court concluded that the rejection of Plaintiff's appeal as untimely meant that Plaintiff had not exhausted his administrative remedies. The court then granted Defendants motion to dismiss and dismissed the complaint without prejudice.

On September 11, 2006, Plaintiff filed a motion for reconsideration. Plaintiff complained that he was never given the opportunity to respond to Defendants' supplemental brief. On October 10, 2006, the court granted Plaintiff's motion for reconsideration, vacated the court's August 31, 2006 order granting Defendants' motion to dismiss, reopened the file, and set a briefing schedule to allow the parties to file supplemental briefs. The court then referred the action to Magistrate Judge Dennis L. Beck for further proceedings, including the entry of Findings and Recommendations regarding Defendants' motion and the supplemental briefing.

On May 8, 2007, Magistrate Judge Dennis L. Beck filed Findings and Recommendations, recommending that the court grant Defendants' motion to dismiss. The Findings and Recommendations were served on all parties and contained notice that any party could file objections by May 25, 2007. On May 25, 2007, Plaintiff filed objections. On May 30, 2007, Defendants filed a response to Plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. The court finds the Findings and Recommendations supported by proper legal analysis.

As explained by the Magistrate Judge, the Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in federal court. Woodford v. Ngo, 126 S.Ct. 2378, 2380 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. The Supreme Court found that "[proper exhaustion] means . . . a prisoner must complete the administrative review process in accordance with the applicable procedural rules, **including deadlines,** as a precondition to bringing suit in federal court." Id. (emphasis added).

In the objections, Plaintiff contends that because the first level reviewed Plaintiff's administrative appeal on the merits, timeliness of the original appeal became moot for each succeeding appeal. There

is no support for this position. Plaintiff's first level appeal was filed in December 2004, more than 15 days after the October 2003 events, but it was addressed on the merits. Plaintiff filed his second level appeal on approximately March 21, 2005. The Appeals Coordinator exercised her discretion to screen out the appeal because Plaintiff did not file any appeal within fifteen days of the alleged inadequate medical care in October 2003, as was required under the first step of California's prison administrative appeals process. The Appeals Coordinator informed Plaintiff that there had been too great a time lapse and there was no explanation of why Plaintiff did not file an appeal in a timely manner. Plaintiff never appealed or responded to the Appeals Coordinator's reason for rejecting his second level appeal in a follow-up appeal or an appeal to the Director's Level. Given the absence of any California regulation stating that timeliness is only a consideration at the first level and later levels cannot consider timeliness, the court cannot find that Plaintiff properly exhausted his administrative remedies.

In the objections, Plaintiff also contends that because his appeal was partially granted at the first formal level, there was no need to exhaust further. A prisoner need not press on to exhaust further levels of review once he has either received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Here, Plaintiff did not obtain all available remedies at the first level. The basis of the second level appeal was that the response to the first level appeal had not considered an information and the interviewer was biased. While Plaintiff was apparently given an investigation and some health care, the first level appeal did not grant Plaintiff all relief he sought.

Therefore, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations entered on May 8, 2007, is ADOPTED in full;
2. Defendants' motion to dismiss is GRANTED; and
3. The Clerk of the Court SHALL close the file.

IT IS SO ORDERED.

**Dated:   June 22, 2007**             /s/ Anthony W. Ishii
                                   UNITED STATES DISTRICT JUDGE

3